FILED

JAMES J. VILT, JR. - CLERK

NOV 17 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                             CRIMINAL NO. 1:25-cr-54-GNS

RAY GORDON                                                     DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Ray Gordon, and his attorney, Alan Simpson, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with violations of Title 18, United States Code, Sections 1466A(a)(1) and (d)(4) (Count 1, Production of Obscene Visual Representation of Child Sexual Abuse) and Title 18, United States Code, Sections 1466A(b)(1) and (d)(4) (Count 2, Possession of Obscene Visual Representation of Child Sexual Abuse). Defendant further acknowledges that the Information in this case seeks forfeiture of any obscene material produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property pursuant to Title 18, United States Code, Section 1467(a), by reason of the offenses charged in Counts 1 and 2 of the Information.

2.      Defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the Information (Counts 1 and 2) in this case.  Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

In or about and between July 2022 and December 10, 2023, in the Western District of Kentucky, Warren County, Kentucky, the defendant knowingly produced a visual depiction of any kind that is obscene and depicts a minor engaging in sexually explicit conduct, and was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

On or about December 14, 2023, in the Western District of Kentucky, Warren County, Kentucky, the defendant knowingly possessed a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting that is obscene and depicts a minor engaging in sexually explicit conduct, and was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

More specifically, between July 2022 and December 2023, the defendant repeatedly utilized an Artificial Intelligence image generator to generate detailed and obscene images of minor children, including prepubescent children, engaged in sexually explicit conduct. On December 14, 2023, when a search warrant was executed at the defendant's residence, the defendant was found to possess over 800 unique obscene visual depictions of minors engaged in sexually explicit conduct on multiple electronic devices.  The devices on which the defendant produced and possessed the obscene visual depictions of minors engaged in sexually explicit conduct had been previously shipped or transported in interstate or foreign commerce by any means.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of forty years, a combined maximum fine of $500,000, and a term of supervised release of at least five years and up to any number of years, including life, which the Court may specify.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.  Defendant

2

understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any obscene material produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

3

A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Information counts to which he pleads guilty.

9.      Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree that restitution shall be determined at sentencing and Defendant acknowledges that victims may yet seek restitution. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States and the defendant agree to the following:

> -agree that a sentence of 60 months' imprisonment is the appropriate disposition of this case.
>
> -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]
>
> -agree that a reduction 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.
>
> -agree to forfeiture of all obscene material produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or that represents proceeds thereof, or any property traceable to such property.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The Defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Information. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Information based upon any pending or completed administrative or civil forfeiture actions.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent

acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement—even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

20.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21.    The Defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. § 16901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant

8

registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

20.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_Stephanie M. Zimdahl_                          _November 17, 2025_
Stephanie Zimdahl                                      Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_[signature]_                                          _11/17/2025_
Ray Gordon                                              Date
Defendant

9

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____

Alan Simpson
Counsel for Defendant

11-17-25
Date

KGB:SMZ

10